E-FILED
Monday, 30 December, 2024  02:28:31 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NIAMEH TYEHIMBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:24-cv-03341-MMM |
| | ) | |
| KOZAK, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se and presently incarcerated at Pinckneyville Correctional Center, alleges violations of his Eighth Amendment rights while in prison at Graham Correctional Center. Plaintiff has been granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's Complaint (Doc. 1) and ruling on Plaintiff's Motion to Request Counsel (Doc. 5).

A. Merit Review

The court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that on October 31, 2024, Defendant Kozak approached Plaintiff, who was on a hunger strike. Kozak told Plaintiff that he had to go to the health care unit. Plaintiff told Kozak that he did not feel safe. Kozak then made various statements to Plaintiff, including, "I promise to make your life hard back here, I'm going to keep fucking with you," "I don't give a fuck," "Yes, your life is in danger," and, yelling aggressively, "yeah, I said it, I don't give a fuck I'll kill you." Plaintiff requested a crisis team and Kozak told Plaintiff, "I am crisis team, good luck." Kozak then moved Plaintiff to Cell #3 which had the "heat turned up," ventilation painted over, and an unopenable window, and laughed at Plaintiff when he asked for further assistance. When the next shift came, Plaintiff was put on crisis watch because he was having chest pains and feeling very hopeless, depressed, and upset due to Kozak's actions.

Plaintiff repeatedly informed Internal Affairs Lieutenant Mr. Deal, Ms. Armstrong, and Warden Mr. Campbell about Sgt. Kozak's actions, after they had occurred, but they each repeatedly said that there was nothing they could do to help Plaintiff. Their indifference made Plaintiff feel more helpless and depressed.

These allegations state an Eighth Amendment claim against Defendant Kozak. "Threats of grave violence can constitute cruel and unusual punishment under the Eighth Amendment." *Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015); *see also Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009) (stating that a threat "can rise to the level of cruel and unusual punishment"); *Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015)

("The proposition that verbal harassment cannot amount to cruel and unusual punishment is incorrect.").

Plaintiff's allegations against Ms. Armstrong, Mr. Deal, and Mr. Campbell do not state a claim. "Only persons who cause or participate in [constitutional] violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."). Plaintiff's allegations against these additional Defendants are that they did nothing in response to Mr. Kozak's already-completed actions. There is no plausible allegation that they did anything in violation of Plaintiff's rights.

B. <u>Motion to Request Counsel</u>

Plaintiff requests that the court appoint counsel on his behalf.

The court undertakes an initial two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it themselves. *Watts v. Kidman*, 42 F.4th 755, 760 (7th Cir. 2022), citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

At the second step, the Court must consider the factual and legal difficulty of a plaintiff's claims, and the plaintiff's competence to litigate them, while accounting for the plaintiff's literacy, communication skills, educational level, litigation experience, and intellectual capacity and psychological history (if information on those topics is before the court). *Watts*, 42 F.4th at 760.

As to the first step, Plaintiff has not established a reasonable attempt to secure counsel on his own. Before filing any renewed motion for assistance in obtaining counsel, Plaintiff must try to find counsel on his own. Typically, this is shown by attaching copies of letters sent to law firms, along with copies of responses received. Plaintiff indicates he has reached out to one attorney but has not yet heard back.

As to the second part of the inquiry: Plaintiff's claim is not factually difficult; he asserts he was subjected to an unconstitutional harassment and verbal abuse. The relevant facts are within his own knowledge; he can testify to what occurred. And he identifies several eyewitnesses to the events as well, who would be potential sources of evidence if the matter proceeded to trial. As to the legal difficulty of Plaintiff's claim, assuming, after discovery, a genuine issue of material fact exists as to these claims, a jury will need to determine if Kozak's behavior was unlawful, or was rather an unpleasant but lawful part of prison life. This is not a legally complex claim.

Plaintiff appears to be literate and has good written communication skills. He reports attending high school, and he is presently litigating at least one other federal lawsuit (though he is represented by counsel in that case). Finally, at this stage of the case, the Court does not find the relative merit of Plaintiff's claim weighs either for or against the recruitment of counsel.

The Court finds Plaintiff competent to litigate this case pro se, at this early stage of the proceedings.

**IT IS THEREFORE ORDERED:**

      1.      **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment claim against Defendant Kozak. Any additional claims against any other Defendant shall not be included in the case, except at the Court's discretion on motion by a party and pursuant to Federal Rule of Civil Procedure 15. Clerk to terminate all Defendants aside from Kozak.**

      2.      **Plaintiff's Motion for Appointment of Counsel [5] is DENIED.**

      3.      **This case is now in the process of service. The plaintiff is to wait until counsel has appeared for the defendants before filing any motions, so defense counsel receives notice of such filings. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

      4.      **The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. A motion to dismiss is not an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.**

      5.      **With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

      6.      **This district uses electronic filing. After defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel motions and other papers that the plaintiff has filed. This does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. Plaintiff must mail discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.**

7.      **Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.**

8.      **The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

9.      **The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 30th day of December, 2024.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE